UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS EARL EVANS, | No. 2:13-cv-1993-EFB P |
| Plaintiff, | |
| v. | ORDER GRANTING IFP AND DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| JEFFERY A. BEARD, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.[1] In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

**I.  Request to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

/////

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

1

## II. Screening Requirement and Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

/////

2

### III.     Screening Order

Plaintiff names the following defendants in this action: Jeffrey Beard, Gary Swarthout, Eric Arnold, Hudnall, Shirely, Mitchell, Kyte, Chambers, and Majors. Plaintiff alleges that a riot broke out on September 20, 2012 and that he was issued a rules violation report for having participated in the riot, which he denied. On September 22, he was placed in administrative segregation.

The complaint alleges that on September 26 plaintiff and another inmate were interviewed by defendant Mitchell. It makes a vague reference to a video that was viewed, and alleges that Mitchell stated he would get back to the inmates but did not. *See* ECF No. 1 at 5 ("Plaintiff and [another inmate] were interviewed by Cpt. Mitchell, that we were innocent, view the video, he said he would get back with us, he did not."). It can reasonably be inferred from this that plaintiff and another inmate proclaimed to Mitchell their lack of involvement in the riot and that collectively, the three of them reviewed and discussed a video. But the complaint does not say what was depicted in the video and what other information Mitchell had other than plaintiff's denial of involvement.

On September 27, following a hearing on the rules violation report, it was determined that plaintiff was guilty. *Id.* Thereafter, on October 2, investigative officer Hill (who is not named as a defendant), allegedly showed plaintiff and the other inmate a video of the riot which "clearly showed we were on the ground and did not participate in the riot." *Id.* According to the complaint, officers Hill and Granadez (also not named as a defendant) "witness the same video and stated that's you (plaintiff Evans) setting on the ground in the white hat, C/O Hill, replied that's enough, that's all I need." *Id.* The complaint does not specify whether the video referred to in connection with Hill and Granadez is the same video viewed by Mitchell on September 26.

On October 25, 2012, a hearing was held and it was determined that plaintiff was not guilty of the rules violation report, apparently because of a "video of September 20, 2012." It is not clear from the complaint whether this video is the same one that had been viewed by Mitchell, Hill and Granadez.

/////

1          Plaintiff claims he was unconstitutionally confined to administrative segregation for 49
2   days, until November 8, 2012.  He seeks damages for "deliberate indifference and liberty interest
3   in the equal protection and due process."  ECF No. 1, § V.
4          The allegations of the complaint suggest the possibility for a claim, but they are simply
5   too vague and conclusory to state satisfy the standard of *Twombly*, 550 U.S. at 555-57, and *Iqbal*,
6   556 U.S. at 678-80.  The Supreme Court has in *Twombly* adopted a plausibility standard for
7   evaluating complaints under Rule 12(b)(6).  It further explained in *Iqbal* that "[t]he plausibility
8   standard is not akin to a "probability requirement," but it asks for more than a sheer possibility
9   that a defendant has acted unlawfully.  *Id*.  Where a complaint pleads facts that are 'merely
10  consistent with' a defendant's liability, it 'stops short of the line between possibility and
11  plausibility of 'entitlement to relief.'"  *Iqbal*, 556 U.S at 678 (quoting *Twombly*, 550 U.S. at 557).
12         The complaint suggests, but does not expressly allege that the video viewed by Captain
13  Mitchell on September 26 showed that plaintiff was not involved in the riot.   It also alleges that a
14  video or videos was/were viewed at various times, and that a video was ultimately instrumental in
15  a finding that plaintiff did not participate in the riot as well as the release of plaintiff from
16  administrative segregation after 49 days.  But it does not allege that it was the same video, or that
17  the officers who initially were responsible for placing plaintiff in administrative segregation had
18  the same information and knowledge at that time as the officers who ultimately concluded that
19  plaintiff was not guilty and ordered his release from segregation.   That is, the complaint fails to
20  allege facts showing that the defendant officers knew plaintiff did not participate, but punished
21  him anyway.  More importantly, the complaint fails to identify any claim for relief, the nature of
22  any federal or constitutional violation it is not apparent, and there are no allegations linking any
23  defendant to an alleged violation of his rights.
24         Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair
25  notice and state the elements of the claim plainly and succinctly.  *Jones v. Community Redev.*
26  *Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff's allegations, if taken as true, show
27  confinement in administrative segregation for 49 days on charges of misconduct for which he was
28  ultimately determined not to have committed.  But to state a claim under 42 U.S.C. § 1983, a

4

plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). Plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Because respondeat superior liability is inapplicable to § 1983 suits, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.*

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). To show a violation of the Eighth Amendment, plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. *E.g., Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Plaintiff's complaint fails under these standards.

To state a claim for violation of the right to procedural due process, plaintiff must allege facts showing: "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003). State regulations may create a liberty interest in avoiding restrictive conditions of confinement if those conditions "present a dramatic departure from the basic conditions of [the inmate's] sentence." *Sandin v. Conner*, 515 U.S. 472, 485 (1995). In the context of a disciplinary proceeding where a liberty interest is at stake, due process requires that "some evidence" support the disciplinary decision. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985).

5

The inmate must also receive: "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Id.* at 454 (citing *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974). The allegations in the complaint are also insufficient to demonstrate a violation of plaintiff's right to due process.

The complaint references "equal protection" and "racial discrimination." But "[t]o state a § 1983 claim for violation of the Equal Protection Clause, a plaintiff must show that he was treated in a manner inconsistent with others similarly situated, and that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005) (internal quotations omitted). Plaintiff has not done so in his complaint.

Plaintiff will be granted leave to file an amended complaint, if plaintiff can allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the claims and allegations against each defendant. Any amended complaint must cure the deficiencies identified above and also adhere to the following requirements:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

6

earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. See Local Rule 110.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 5) is granted.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint is dismissed with leave to amend within 30 days. The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint." Failure to comply with this order will result in dismissal of this action for failure to state a claim. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

Dated: June 30, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE